954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leandro DURAN-CORREA, Defendant-Appellant.
 No. 91-50150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided Feb. 12, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leandro Duran-Correa was indicted by a federal grand jury with four counts of conspiring to transport and harbor illegal aliens and with transporting and harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(B) and (C) (1988) and 18 U.S.C. § 371 (1988). Duran-Correa pled guilty to Count One of the indictment--conspiracy to transport and harbor illegal aliens centering around the Carlsbad Travel Inn Motel. He was sentenced to thirty months in custody and a $3,000.00 fine. This appeal ensued. Duran-Correa argues that the district court erred in computing his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988), and we affirm.
 
 ORGANIZER OR LEADER
 
 3
 The district court increased the base level by four, pursuant to U.S.S.G. § 3B1.1(a), for being an organizer or leader of an alien smuggling ring involving five or more participants. A district court's finding on role enhancement under Section 3B1.1 is reviewed for clear error. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991).
 
 
 4
 Commentary following Section 3B1.1 lends guidance in evaluating relevant factors. The district court can consider:
 
 
 5
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 6
 U.S.S.G. § 3B1.1, Application Note 3.
 
 
 7
 Section 3B1.1 does not require personal supervision of each participant. Smith, 924 F.2d at 896. In fact, "there can be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy...." Id. In Smith, sufficient control was found where the defendant was the source of the cocaine which was supplied to distributors. Id. at 895.
 
 
 8
 The district court adopted the findings contained in the addendum to the presentence report, which in turn references the presentence report. The presentence report and addendum found that Duran-Correa: (1) recruited illegal aliens in a San Ysidro restaurant and then directed their transportation to the Carlsbad Travel Inn Motel from where they were eventually transported to Los Angeles; (2) rented rooms in his name at the Travel Inn Motel during the year prior to his arrest; (3) was watched by agents coordinating the operation and directing the activities of others; (4) did not transport aliens himself, but only acted as a "scout"; (5) allowed a red van registered in his name to be used to transport aliens; (6) was reported by a confidential informant as the head of the smuggling organization; and (7) was the contact person identified by an individual who had sought the aid of the organization.
 
 
 9
 Duran-Correa argues that the facts relied on by the district court were "unsupported beliefs of the surveilling agents" and thus do not support the finding that he was an organizer or leader. A challenge to information used during sentencing must show that the information is "(1) false or unreliable, and (2) demonstrably made the basis for the sentence." United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990) (quotation omitted) (emphasis added in Carvajal ).
 
 
 10
 Duran-Correa has failed to make any showing, beyond objecting to the presentence report, that the information relied on by the district court was either false or unreliable. The facts show that Duran-Correa exercised decision-making authority, that he recruited accomplices, and that he exercised a degree of control and authority over others. In light of these facts, we cannot conclude that the district court's finding that Duran-Correa was an organizer or leader was clearly erroneous.
 
 ACCEPTANCE OF RESPONSIBILITY
 
 11
 The district court refused to decrease the base level for acceptance of responsibility as provided for in U.S.S.G. § 3E1.1. Duran-Correa argues that he is entitled to this reduction because he "admitted" guilt in renting motel rooms to harbor illegal aliens.
 
 
 12
 The district court's determination of the acceptance of responsibility is factual and is reviewed under the clearly erroneous standard. United States v. Sanchez, 908 F.2d 1443, 1450 (9th Cir.1990). "[T]he determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, Application Note 5.
 
 
 13
 Duran-Correa denied under oath knowing any of his co-defendants. However, government agents observed Duran-Correa in the company of Ricardo Rodriguez-Hernandez, a codefendant. Under oath, Duran-Correa denied any involvement in conspiratorial activities conducted out of the Carlsbad Travel Inn Motel, yet he later pleaded guilty to the conspiracy charge arising out of activities in the Carlsbad motel. During the course of discussing the activities with the probation officer, Duran-Correa attempted to minimize his involvement by stating that his only conduct was renting a room to be used by another to hide illegal aliens.
 
 
 14
 A district court's decision to deny a reduction for acceptance of responsibility has been upheld where the defendant, although accepting responsibility for his choices, minimizes his part in the offense, United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990), and where the defendant's version of the facts differed on several occasions, United States v. Smith, 905 F.2d 1296, 1301-02 (9th Cir.1990). Based on the inconsistencies in Duran-Correa's testimony and his attempt to minimize his involvement, the district court based its conclusion that Duran-Correa had not accepted responsibility on a sufficient factual foundation. We conclude that the district court correctly denied Duran-Correa a reduction in sentence pursuant to U.S.S.G. § 3E1.1.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3